UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH KAMHOLTZ,

                                 Plaintiff,

                                                                      DECISION AND ORDER

                                                                      11-CV-6094L

                        v.

YATES COUNTY,
SHERIFF RONALD G. SPIKE,
in his official and individual capacity,
INVESTIGATOR CHRISTENSEN,
in his official and individual capacity,

                                 Defendants.
_____

       Plaintiff Kenneth Kamholtz brings this action pursuant to 42 U.S.C. § 1983 against defendants Yates County, Yates County Sheriff Ronald G. Spike, and Investigator Michael Christensen, alleging that defendants have violated plaintiff's rights under the First Amendment to the United States Constitution. Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, defendants' motions are granted and the complaint is dismissed

## BACKGROUND

       In May 2008, plaintiff, who is employed by the Yates County Sheriff's Department ("YCSD") commenced a § 1983 action in this Court against the same defendants as in this action, claiming that his civil rights were violated in connection with his demotion from "Investigator" to "Road Deputy." In that lawsuit, plaintiff asserted several constitutional claims, including a First Amendment retaliation claim.

On December 3, 2008, Judge Michael A. Telesca of this Court issued a Decision and Order dismissing Kamholtz's complaint. 2008 WL 5114964. That decision was affirmed by the Second Circuit in October 2009. 350 Fed.Appx. 589. Among the bases for Judge Telesca's decision was that plaintiff had not engaged in protected speech, and that he therefore could not establish a First Amendment claim. *Id.* at *4.

Plaintiff filed the complaint in the present action in February 2011. He asserts a single cause of action, alleging that defendants have taken actions against him because of plaintiff's protected First Amendment activity. Specifically, plaintiff alleges that "he was subject to adverse actions in the workplace as a result of engaging in the protected activity of filing his first lawsuit ... and for engaging in other protected First Amendment activity ... ." Dkt. #1 ¶ 87. It is apparent from the complaint, however, that the "other protected First Amendment activity" referred to is the same, or same type of, activity as that which gave rise to plaintiff's prior lawsuit, which Judge Telesca found did not constitute protected activity under the First Amendment.

Plaintiff alleges that he was subjected to various adverse actions as a result of his prior lawsuit. It is unnecessary to set them forth in great detail here, but they include disparaging comments to plaintiff's coworkers and the issuance of a "Memorandum of Counseling" and a "Personnel Complaint" to plaintiff concerning certain matters, which plaintiff contends were unfounded.

**DISCUSSION**

**I. General Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering whether a pleading is legally sufficient, the court must accept all well-pleaded facts as true and draw all reasonable inferences in the pleader's favor. *See Bell Atlantic*

*v. Twombly*, 550 U.S. 544, 578 (2007).  This presumption of truth does not extend to legal conclusions, however.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949–50 (2009). The standard for motions to dismiss requires the plaintiff's pleading to set forth sufficient facts to establish the claim's legal plausibility on its face.  *See Twombly*, 550 U.S. at 570.  Ultimately, where a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, [his] complaint must be dismissed."  *Id.*

In order to state a claim for First Amendment retaliation, a plaintiff must plead facts showing that:  "(1) [he] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there exists a causal connection between the protected activity and the adverse action."  *Patane*, 508 F.3d at 115 (citing *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)).

Speech that is "constitutionally protected" under the First Amendment is that which takes place when one speaks as a citizen about a matter of public concern, *i.e.*, a matter of political, social or other concern to the community at large, as opposed to a personal matter.  *See Garcetti v. Ceballos*, 547 U.S. 410 (2006).  Thus, when a public employee makes a statement pursuant to his official duties, or one that relates solely to individual grievances rather than to issues of concern to the public generally, a First Amendment retaliation claim does not arise.  *See id.* at 547 U.S. at 422–23.

In order for a lawsuit to constitute First Amendment protected speech, the lawsuit itself must consist of a matter of public concern.  *See Ruotolo v. City of New York*, 514 F.3d 184, 190 (2d Cir. 2008) ("Because Ruotolo's [prior] lawsuit concerns essentially personal grievances and the relief he seeks is for himself alone, the lawsuit is not speech on a matter of public concern and cannot sustain a First Amendment retaliation claim"); *see also Storman v. Klein*, 395 Fed. Appx. 790, 793 (2d Cir. 2010) ("The ['matter of public concern'] rule applies where the allegedly protected conduct is the filing of a lawsuit"); *MacFall v. City of Rochester*, 746 F.

Supp. 2d 474, 490 (W.D.N.Y. 2010) ("A public employee cannot transform a personal grievance into protected speech simply by filing a lawsuit over the grievance").

**II. Application to this Case**

Applying these standards here, I conclude that plaintiff has not alleged facts showing that he engaged in activity protected under the First Amendment, and that he therefore has failed to state a valid retaliation claim under the Free Speech Clause. As made clear by Judge Telesca's December 2008 decision, plaintiff's previous lawsuit did not arise out of or relate to any matters of public concern. *See Kamholtz v. Yates County*, 2008 WL 5114964, at *4 (finding that plaintiff's speech was "in relation to the scope of his employment as an Investigator for the YCSD and not protected"). Thus, plaintiff's prior lawsuit cannot serve as the basis for a First Amendment retaliation claim. *Ruotolo*, 514 F.3d at 188-91.

As stated, the "other protected First Amendment activity" alleged in the complaint appears to be the same activity, or the same type of activity, as that underlying the prior lawsuit. That allegation simply refers generally to the preceding allegations, which, aside from the allegations concerning the previous lawsuit, relate almost entirely to the acts giving rise to that lawsuit. *See* Complaint ¶¶ 13-86.

Plaintiff does allege that he has also run for public office on several occasions, and that he has been active in a "citizen lobby group advocating workplace violence legislation." Complaint ¶¶ 85, 86. There are no facts alleged, however, indicating that those activities on plaintiff's part had anything to do with the alleged adverse actions taken by defendants against plaintiff. *See D. Carlyle Intern. LLC v. J.P. Morgan Chase & Co.*, No. 10 CIV. 6039, 2011 WL 1676049, at *4 (S.D.N.Y. Apr. 26, 2011) ("Plaintiffs' allegations of retaliatory action on the part of Defendant ... amount to nothing more than unwarranted factual inferences and legal conclusions that are insufficient to state a claim"). A public-employee plaintiff cannot simply comb through everything that he has done or said publicly over the years, seize upon some arguably protected

activity that preceded some allegedly adverse action, and set forth a claim based on the unsupported conclusion that one led to the other. *See County of Hudson v. Janiszewski*, 351 Fed.Appx. 662, 667 (3d Cir. 2009); *D. Carlyle Intern. LLC v. J.P. Morgan Chase & Co.*, No. 10 CIV. 6039, 2011 WL 1676049, at *4 (S.D.N.Y. Apr. 26, 2011).

While plaintiff has pleaded his claim only as a Free Speech claim, I also conclude that he has not alleged facts that would support a claim under the Petition Clause of the First Amendment, *i.e.*, a claim that defendants deprived him of his constitutional right of access to the courts. *See Borough of Duryea, Pennsylvania v. Guarnieri*, ___ U.S. ___, 131 S.Ct. 2488, 2500-01 (2011) (stating that the same analytical framework applies to both Speech Clause and Petition Clause claims by public employees, and that "[t]he right of a public employee under the Petition Clause is a right to participate as a citizen, through petitioning activity, in the democratic process. It is not a right to transform everyday employment disputes into matters for constitutional litigation in the federal courts").[1]

## CONCLUSION

The motions to dismiss the complaint filed by defendant Christensen (Dkt. #5) and defendants Yates County and Ronald Spike (Dkt. #6) are granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 27, 2011.

---

[1] My conclusion that plaintiff has failed to allege facts showing that he engaged in any protected activity renders it unnecessary for the Court to address defendants' alternative arguments that plaintiff has failed to allege an "adverse action" sufficient to support a First Amendment claim.